STATE, Respondent, v. WILSON, Appellant.

(167 N. W. 396.)

(File No. 4322.   Opinion filed May 1, 1918.   Rehearing denied
June 1, 1918.)

1.  Rape—Information—Time of Commission of Offense—"On Be-
tween," Whether Definite, Certain—Demurrer, Motion to
Arrest.

An information charging defendant with commission of rape
"on between the 1st day of March, 1915, and the 1st day of
July, 1915," is sufficiently certain and definite to enable de-
fendant to adequately prepare his defense in advance of trial;
and a demurrer thereto, and a motion in arrest of judgment,
were properly overruled.

2.  Evidence—Prosecution for Rape—Fatherhood of Child—Inter-
course With Another—Cross-examination of Prosecutrix, Ma-
teriality—Offer to Prove By Other Witness, Failure to Make,
Effect.

In a prosecution for rape, the question, put to prosecutrix on
cross-examination, if at a date subsequent to that of the in-
tercourse in question, she had not had sexual intercourse with
a person other than defendant, was properly disallowed, such
issue being immaterial; no offer having been made by defend-
ant to prove the fact of such other intercourse by any other
witness.

3.  Trials—Error—Refused Instruction Covered by Those Given
Without Objection—Exception.

Where trial court refused a requested instruction, the pro-
positions in which were fully covered by instructions given and
to which no exceptions were taken, the refused instruction will
not be considered on appeal.

4.  Evidence—Witnesses—Prosecution for Rape—"Who is the
Father?", Whether a Conclusion Called For, Etc.

The question, put to prosecuting witness in a prosecution
for rape: "Who is the father of your child?" to which she
answered: "Defendant," was not objectionable as calling for
a conclusion, not within issues, and incompetent, irrelevant
and immaterial.

Appeal from Circuit Court, Perkins County.   Hon. RAYMOND
L. DILLMAN, Judge.

The defendant, William Wilson, was convicted of the crime
of rape, and he appeals.   Affirmed.

*Pat Morrison,* and *Julius Skaug,* for Appellant.

*C. C. Caldwell,* Attorney General, *C. G. Carroll,* and *P. J.
Tscharner,* for Respondent.

(1)  To point one of the opinion, Appellant cited:  Code Crim. Proc. Secs. 225, 229, 230, 569; State v. Sysinger, 25 S. D. 110, 125 N. W. 879; State v. Pennington, 41 W. Va. 601, 23 S. E. 918; Conrad v. State, 65 Ark. 559, 47 S. W. 628; Arrington v. Co., 87 Va. 96, 12 S. E. 224, 10 L. R. A. 242.

McCOY, J.  Appellant was convicted of the crime of statutory rape, and brings the cause before this court on appeal.  The sufficiency of the evidence is not questioned.  The only questions presented relate to certain rulings and instructions of the trial court.

[1]  By demurrer and motion in arrest of judgment appellant questions the sufficiency of the information.  The offense is alleged to have been committed "on between the 1st day of March, 1915, and the 1st day of July, 1915."  Appellant contends that this designation of time is so uncertain and indefinite that he could not adequately prepare his defense in advance of the trial.  We are of the opinion that the demurrer and motion were properly overruled.  State v. Otto, 38 S. D. 353, 161 N. W. 340; State v. Sysinger, 25 S. D. 110, 124 N. W. 879, Ann. Cas. 1912B, 997; Code Crim. Pr. § 225.

[2]  The prosecuting witness testified that appellant was the father of the child she then had present with her on the trial. On cross-examination she was asked if at a certain date, subsequent to the date of the intercourse on which the state relied for conviction, she had not had sexual intercourse with another person, other than appellant, and that the child was the result of such other intercourse.  The court sustained an objection to such question, and which ruling is now urged as error.  We are of the opinion that the objection was properly sustained.  Appellant made no offer to prove the fact of such other intercourse by any other witness.  We are of the view that in this character of case whether or not she had intercourse with some other person, either before or after the intecourse on which the state relies for conviction, was an immateritl issue.  State v. Plunkett, 72 Ark. 409, 82 S. W. 845; State v. Stimpson, 78 Vt. 124, 62 Atl. 14, 1 L. R. A. (N. S.) 1153, 6 Ann. Cas. 639.

[3]  The appellant requested certain instructions and now urges error in the refusal thereof.  We are of the opinion that the court, by the instructions given, fully covered all the proposi-

tions included in such requested instructions. No exceptions were taken to the instructions as given.

[4] Prosecuting witness was asked, "Who is the father of your child?" She answered, "Defendant." The question was objected to as calling for a conclusion, not within the issues, and incompetent, irrelevant, and immaterial. The overruling of this objection is now urged as error. We are of the view that such ruling did not constitute prejudicial error. State v. Plunkett, supra.

All assignments of error have been considered. It will serve no useful purpose to further refer thereto.

Finding no prejudicial error in the record, the judgment and order appealed from are affirmed.