STATE of South Dakota, Plaintiff
and Appellee,

v.

Harold SWALLOW, Defendant
and Appellant.

No. 14378.

Supreme Court of South Dakota.

Considered on Briefs April 19, 1984.

Decided June 13, 1984.

Jon R. Erickson, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

William H. Coacher, Sturgis, for defendant and appellant.

DUNN, Justice.

This is an appeal from a judgment of conviction for sexual contact with a child, SDCL 22–22–7, and sexual exploitation of a child, SDCL 22–22–22, 22–22–23. We affirm.

Harold Swallow is a sixty-three year old retired civil servant living in Piedmont, South Dakota. In April of 1982, a social worker received anonymous tips alleging that Swallow had sexual contact with three minor children. Following interviews with the children, officers searched Swallow's home, where they found hundreds of photographs of children in various poses. At trial, two young girls testified that they had spent large amounts of time at the Swallow home. While there, they would bathe and change clothes in his presence and have photographs taken while nude or clothed. They also testified that Swallow would feel inside their pants and blouses and touch them through their clothes. Swallow took the stand and testified that while children would often come to his home, he never engaged in any unlawful behavior.

Swallow was convicted, after a jury trial, of one count of sexual contact with a child and two counts of sexual exploitation of a child. The trial court sentenced Swallow to twenty-one years in the state penitentiary.

## I.

The first issue raised by Swallow on appeal concerns the sufficiency of the information by which he was charged. He maintains that the information was inadequate for three reasons: 1) Since the information alleged that the offenses took place between October 1981 and March 1982, it violated his right to know with reasonable certainty the charges against him. 2) Count I of the information fails to state a public offense because it cited SDCL 22–22–7 when it should have cited SDCL 22–22–7.1, and it cited SDCL 22–22–7.1 when it should have cited SDCL 22–22–7. 3) The intent elements of the offenses were not pleaded in the information.

With regard to the first contention, a review of the information reveals that it is certainly not precise as to the dates of the alleged offenses. All four counts of the information state that Swallow "did, between October, 1981, and March, 1982," engage in certain prohibited sexual activity with minors. The question to be decided is whether this imprecision regarding dates requires reversal of the conviction.

■ This court has held on numerous occasions that for an indictment or information to be sufficient, it must contain the elements of the offense charged in order to apprise the defendant with reasonable certainty of the accusation against him, and it must enable him to plead an acquittal of conviction as a bar to future prosecutions for the same offense. *State v. Bingen*, 326 N.W.2d 99 (S.D.1982); *State v. Brown*, 285 N.W.2d 843 (S.D.1979). However, when time is not a material element of the offense, the information need not state a precise time at which the offense was committed. SDCL 23A–6–9; *State v. Wilson*, 40 S.D. 421, 167 N.W. 396 (1918); *State v. Sysinger*, 25 S.D. 110, 125 N.W. 879 (1910). Here appellant has failed to show that time is a material element of the offense, or that failure to plead a precise time has actually prejudiced him.

■ We also take note of the nature of the offenses charged, and the fact that they involve minor children. The Minnesota Supreme Court, in dealing with child molestation cases, has stated that although an information should be as specific as possible with respect to time, it is not always possible to know with certainty when the offenses occurred; this is especially true in cases where there is a minor victim who does not immediately complain to the authorities; thus, specificity of time is not always required in the information. *State v. Bird*, 292 N.W.2d 3 (Minn.1980); *State v. Waukazo*, 269 N.W.2d 373 (Minn.1978). We find this rationale to be convincing. Therefore, given the ages of the children involved and the time span over which the acts took place, we hold that the dates in the information were sufficient to meet the reasonable certainty requirement.

■ As for the second contention, it is true that Count I of the information contains an incorrect citation in that it mistakenly cited SDCL 22–22–7 as the definition statute and SDCL 22–22–7.1 as the penal

statute, rather than vice versa, which would have been correct. Such clerical errors do not, however, require reversal of the conviction. SDCL 23A–6–4 states that the information shall cite the statute which is alleged to have been violated, but error in citation is not grounds for dismissal of the information or reversal of the conviction if the error did not mislead the defendant to his prejudice. *See State v. Layton,* 337 N.W.2d 809 (S.D.1983). Here, although a citation error occurred, it is completely obvious to the reader of the information which crimes the State was prosecuting; thus, no prejudicial error occurred.

With regard to the third contention, Swallow argues that since the State failed to specifically allege in the information the essential element of intent, the conviction must be reversed. We agree that the information fails to spell out the intent elements of SDCL 22–22–7 [1] and SDCL 22–22–23.[2] Although the information fails in this way, we do not find the defect to be fatal.

We have held that even though an information fails to allege all of the essential elements of the crime charged, the defect is cured if the information sets forth the proper statute, the jury instructions set forth all the essential elements of the offense, and the State proves all the essential elements at trial. *State v. Lachowitzer,* 314 N.W.2d 307 (S.D.1982); *State v. Larson,* 294 N.W.2d 801 (S.D.1980). Here, the proper statutes were cited in the information; the jury instructions, particularly numbers 10, 12, 13, and 17, set forth the intent element; and the State introduced sufficient evidence on all the elements, including intent.

## II.

The next issue raised by Swallow is whether the trial court erred in allowing Kathleen Peil, a counselor and expert in sexual matters, to testify at trial. Her testimony focused on pedophilia, the sexual abuse or misuse of children. She did not state an opinion as to whether Swallow himself was a pedophile, but stated that certain adults receive sexual gratification from touching and fondling children or from looking at children in various stages of nudity. Swallow claims this testimony was prejudicial since it shifted the burden to him to prove he was not a pedophile and it embraced the ultimate issue to be decided by the jury. We disagree.

Expert testimony is clearly admissible as evidence under SDCL 19–15–2: "If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise." It is up to the trial judge to determine whether a person is qualified as an expert. Once the expert's qualifications have been established, any objections go not to the admissibility of his testimony, but to its weight; the jury is then at liberty to evaluate and weigh the expert's testimony in arriving at its verdict. *State v. Shell,* 301 N.W.2d 669 (S.D.1981); *State v. Murphy,* 89 S.D. 486, 234 N.W.2d 54 (1975).

Here Ms. Peil was qualified as an expert, and her testimony was such that it assisted the jury in understanding the photographs of children in sexual poses and the testimony of the children as to sexual activity with Swallow. Consequently, it was admissible under SDCL 19–15–2. The trial court also properly instructed the jurors that they were not bound to accept the expert's testimony as conclusive and that they could disregard it if they chose to do so. Testimony such as this neither shifts the burden to a defendant nor embraces the ultimate question to be decided by the jury. It is merely some evidence presented

---

1. SDCL 22–22–7.1 defines the "sexual contact" of 22–22–7 as certain touching done "with the intent to arouse or gratify the sexual desire of either party."

2. SDCL 22–22–22 defines the "prohibited sexual act" of 22–22–23 as an act "depicted for the purpose of sexual stimulation or gratification of any person who might view such depiction."

by State in its attempt to prove an alleged criminal act.

### III.

Swallow's third contention is that the trial court erroneously refused his instruction concerning specific intent to establish sexual gratification or stimulation. This argument is totally without merit. Our review of the jury instructions given by the court reveals that they properly informed the jury, in statutory language, of the intent element of the offenses, whereas Swallow's proposed instruction used non-statutory language. When viewing the instructions as a whole, we find that they correctly state the law and inform the jury. *State v. White Mountain*, 332 N.W.2d 726 (S.D.1983); *State v. Fox*, 313 N.W.2d 38 (S.D.1981).

### IV.

█ Swallow next contends that the record is completely void of any evidence that he acted with the specific intent required by the statutes for the crimes involved. This argument is also completely without merit. The testimony indicated that Swallow watched children bathe and change clothes, that he photographed children both nude and fully clothed, and that he placed his hands inside little girls' pants and blouses. Expert testimony showed that such behavior is typical of pedophiles. Therefore, the facts and circumstances are sufficient to allow the jury to infer that Swallow did the acts with the intent to arouse or gratify some sexual desire.

### V.

Swallow next contends that the trial court erred by admitting State's exhibits 1–13 and 18, which were photos of girls in provocative poses—some nude and some clothed. Swallow claims that they were improperly admitted because the court failed to hold a hearing where a specific finding could be made that the photos' probative value outweighed the prejudice to Swallow. We disagree.

█ This court has not, as Swallow claims, created a hard and fast rule that a trial court must hold a separate hearing to determine the admissibility of photographs. The rule is well settled that photographs are admissible where they accurately portray anything which is competent for a witness to describe in words, or where they are helpful as an aid to a verbal description of objects and conditions, provided they are relevant to some material issue. The photographs are not rendered inadmissible merely because they incidentally tend to arouse passion or prejudice. *State v. Huth*, 334 N.W.2d 485 (S.D.1983); *State v. Rash*, 294 N.W.2d 416 (S.D.1980). Here, one of the precise issues at trial was Swallow's alleged photography of children in prohibited sexual acts. These photos, which accurately portray such activity, are relevant to the issue at hand. Therefore, they were properly admitted by the trial court.

### VI.

█ Swallow's next contention is that his motion for mistrial should have been granted after a juror misconduct incident. Specifically, one juror approached a defense character witness, a minister, and asked that the minister pray for him. Swallow maintains that this conduct raises a presumption of prejudice which the State never rebutted.

This court has held that when an improper communication has taken place in a criminal case there arises a rebuttable presumption of prejudice, and the burden is on the state to show the harmless effect of the communication. *State v. Martin*, 85 S.D. 587, 187 N.W.2d 576 (1971); *State v. Brown*, 84 S.D. 201, 169 N.W.2d 239 (1969). There is no question that an improper communication between a juror and a witness occurred in this case. However, the record indicates that beyond the juror's request for prayer, no discussion of facts or issues occurred between the juror and the minister. The trial court examined the juror concerning the incident and determined that no prejudice occurred. Our review of

the record leads us to the conclusion that the presumption of prejudice was rebutted, and Swallow suffered no prejudice which requires reversal of the conviction.

## VII.

Swallow's final contention is that the trial court abused its discretion in refusing to grant a new trial based upon newly discovered evidence. During trial, the State called Teresa Martin, a nineteen-year-old girl, as a rebuttal witness after Swallow took the stand and denied the evidence presented in the State's case-in-chief. Martin testified that she, like the State's principal witnesses, had been photographed and touched by Swallow when she was younger. Swallow now has statements from previously unavailable witnesses which dispute the testimony of Martin.

We have held that on a motion for new trial, the defendant must show that substantial rights were prejudiced. The test for determining if a motion for new trial based on newly discovered evidence should be granted is twofold: 1) whether the evidence is cumulative; and 2) whether there is a reasonable possibility that the newly discovered evidence would probably produce a different result on trial.

The granting or denial of a motion for new trial is solely within the discretion of the trial court and will not be interfered with on appeal unless such discretion is abused. *State v. Lufkins*, 309 N.W.2d 331 (S.D. 1981).

Here, we are not convinced that Swallow's rights were substantially prejudiced or that the new evidence would probably produce a different result. The new evidence goes only to the State's rebuttal witness; there is still the weighty evidence of the two primary witnesses who testified as to Swallow's acts. These two witnesses presented sufficient testimony in the State's case-in-chief upon which the jury could rely in reaching its verdict. Therefore, we find no abuse of discretion by the trial court.

The judgment of conviction is affirmed.

All the Justices concur.