STATE OF NEBRASKA, APPELLEE, V. JOHN PISKORSKI, APPELLANT.

357 N.W.2d 206

Filed October 26, 1984.   No. 84-158.

James C. Cripe, for appellant.

Paul L. Douglas, Attorney General, and Lynne R. Fritz, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

The appellant, John Piskorski, was convicted by a jury of first degree sexual assault on a child under 16 years of age in

violation of Neb. Rev. Stat. § 28-319(1)(c) (Reissue 1979). This offense is a Class II felony, punishable by imprisonment for not less than 1 nor more than 50 years. The trial court sentenced Piskorski to serve an indeterminate term of not less than 2 nor more than 5 years' imprisonment and gave him credit for 128 days previously served in jail awaiting trial and sentence. Piskorski now appeals his conviction to this court, maintaining that the conviction must be set aside because (1) the information charging Piskorski with the crime was fatally defective, (2) the evidence was insufficient to establish a violation of the crime charged, and (3) he was deprived of a fair trial. We have reviewed the record and have concluded that the conviction and sentence should be affirmed.

Piskorski's first assignment of error is based upon his claim that the information was so vague and indefinite that he could not have known the specific nature of the charges against him and could not plead this conviction as a bar to any subsequent prosecution involving the same matter, thereby subjecting him to double jeopardy in violation of both the Constitution of the State of Nebraska and the Constitution of the United States. Specifically, Piskorski cites our decision in *Benedict v. State*, 166 Neb. 295, 297, 89 N.W.2d 82, 85 (1958), wherein we said: " 'An information must inform the accused with reasonable certainty of the charge against him that he may prepare his defense and be enabled to plead the judgment thereon as a bar to a later prosecution for the same offense. . . .' " Although we agree with that statement, we do not believe that the record in this case supports Piskorski's claim that he was not sufficiently informed of the charges or would not be able to plead the judgment in this case as a bar to a later prosecution for the same offense.

The complaint in the county court initially charged that Piskorski violated the laws of the State of Nebraska, in that

[o]n or about December , 1982, at or near 7408 Gertrude, in Sarpy County, Nebraska, the said John Piskorski did then and there subject [name of victim] to sexual penetration and overcame such person by force, threat of force express or implied, coercion or deception, in violation of Section 28-319(1)(a), R.R.S. Nebraska.

(Class II Felony)

This complaint, in the language of the statute, advised Piskorski that during a specific period of time he subjected a named individual at a specific location to sexual penetration in violation of a specifically identified statute. Other than being able to specify the exact time and hour, we can conceive of no way in which the complaint could be more specific, other than to recite in detail all of the evidence. This, of course, the State is not required to do. We have frequently held that a complaint or information charging an offense in substantially the words of the statute is generally sufficient. See, *State v. John*, 213 Neb. 76, 328 N.W.2d 181 (1982); *State v. Abraham*, 189 Neb. 728, 205 N.W.2d 342 (1973).

The rule first appears to have been announced by this court in *Cowan v. State*, 140 Neb. 837, 2 N.W.2d 111 (1942), when we specifically addressed the question of whether an information charging the crime in accordance with the language of the statute was sufficient to sustain a conviction. In holding that it was sufficient, we analyzed the history of criminal pleadings and stated:

Constitutional provisions require that a defendant be convicted by due process of law, that he be charged in writing either by indictment or information, and that the accused shall have the right to demand the nature and cause of accusation and to have a copy thereof. This does not mean that detailed particulars of the crime must be stated in the information or indictment in the meticulous manner prescribed by the common law. The trend is in the direction of simplification of statement and the elimination of technical formalities. A proper administration of justice does not require our adherence to outmoded methods or the retention of legal fictions and absurdities. The legislature has the power to determine what constitutes a crime, and when it has performed this function it may likewise determine within constitutional limits what information must be included in the written charge to sufficiently advise the accused of the nature of the offense for which he must answer. Due process of law requires only that the accused be given sufficient notice of

the nature of the charge against him in order that he may prepare a defense and plead the judgment as a bar to any subsequent prosecution for the same offense.

*Id*. at 839, 2 N.W.2d at 113.

We then went on in *Cowan* to set out the requirements for a sufficient information, saying:

We have come to the conclusion that an indictment or information meets all constitutional requirements (1) if it shows that the acts which defendant is charged with committing amounted to a crime which the court had power to punish, and that it was committed within the territorial jurisdiction of the court, (2) if it informs the defendant of the nature of the charge against him, and (3) if it constitutes a record from which it can be determined whether a subsequent proceeding is barred by the former adjudication. And to the third requirement, it cannot be said that the indictment or information alone must be full protection against double jeopardy, for the reason that in many cases, such as where several acts constitute a single crime, the defendant is often required to allege facts outside the record to support his plea of former adjudication. If the information or indictment apprises the defendant with reasonable certainty of the accusation against him so that he may prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same offense, it meets the fundamental purposes of an information or indictment, as well as constitutional requirements.

*Id*. at 840, 2 N.W.2d at 113. See, also, *State v. Adams*, 181 Neb. 75, 147 N.W.2d 144 (1966); *Sedlacek v. State*, 147 Neb. 834, 25 N.W.2d 533 (1946). Certainly, the initial complaint met all of the requirements of law as first announced in *Cowan*.

On the day after the initial complaint was filed, the State sought leave to file an amended complaint. This motion was unopposed by Piskorski, and the trial court granted the State leave to file the amended complaint. The principal difference between the two complaints was that in the amended complaint the name of the victim was deleted and the State alleged that the crime was committed by subjecting a person of *less* than 16

years of age to sexual penetration in violation of subsection (1)(c) of § 28-319 rather than (1)(a). In all other respects the two complaints were the same. Piskorski waived a preliminary hearing on the amended complaint and was bound over to the district court to stand trial. Again, we believe that the amended complaint, being in the language of the statute, was sufficient. Furthermore, as we recently observed in *State v. John*, 213 Neb. 76, 328 N.W.2d 181 (1982), where the defendant pleads to the general issue, defects that might otherwise have been excepted to by a motion to quash are taken to have been waived.

The State then filed an information in the district court for Sarpy County nearly identical to the amended complaint previously filed in the county court, except that the information alleged that the offense had occurred "[o]n or after December 11, 1982 and before December 25, 1982 . . . ."

On the day set for trial it was discovered that Piskorski had never been formally arraigned. He filed a motion to quash the information for the reason that the information was too vague and was, therefore, defective. The motion to quash was denied, Piskorski was arraigned and entered a plea of not guilty, and the trial commenced.

At the close of its case the State moved to amend the information to conform to the evidence. Over Piskorski's objection, the information was amended to allege that the assault occurred on or after *September 1, 1982,* and before *December 25, 1982*, and the name of the child was again inserted in the amended information. This amendment did not make any new or additional charges nor raise matters with which Piskorski was not previously aware. It simply attempted to cause the information to conform to the proof. No one could determine the date of the assault any closer than sometime between September 1, 1982, and December 25, 1982. The fact that the date upon which the crime is alleged to have been committed was expanded to conform to the proof is of no moment. It has long been the rule in this jurisdiction, as in others, that charging an individual with the commission of a crime anytime within the statute of limitations is sufficient. See, *Sledge v. State*, 142 Neb. 350, 6 N.W.2d 76 (1942); *Palin v. State*, 38 Neb. 862, 57 N.W. 743 (1894). Further, the reinsertion

of the child's name certainly was to Piskorski's benefit and would assist him in later being able to raise this judgment as a bar to any subsequent prosecution for the same offense. The trial court in the instant case simply exercised its discretion in permitting the information to be amended before the verdict to an extent that it neither charged a different offense nor prejudiced the substantial rights of Piskorski. See *State v. Gascoigen*, 191 Neb. 15, 213 N.W.2d 452 (1973).

Piskorski argues to us, however, that because the State introduced evidence of several occasions between September and December when Piskorski may have violated the statute in question, he has no way of knowing which specific act was involved in this conviction and which one is now barred. We do not believe that to be the case. As we have already indicated, one may go outside the information itself to determine what charge the conviction was based upon in order to raise it as a bar to a subsequent prosecution. See *Cowan v. State*, 140 Neb. 837, 2 N.W.2d 111 (1942). In *State v. Adams*, 181 Neb. 75, 79, 147 N.W.2d 144, 149 (1966), we said:

> An indictment or information alone need not be full protection against double jeopardy because a defendant may allege and prove facts outside the record in support of a plea of former adjudication. Cowan v. State, *supra*. The remedy of a bill of particulars is available to assist a defendant in preparing his defense and to protect him against a second prosecution for the same offense. Myers v. United States, 15 F.2d 977.

Other jurisdictions addressing this question have reached similar conclusions. See, *Hsu v. United States*, 392 A.2d 972 (D.C. App. 1978); *State v. Smith*, 102 Idaho 108, 626 P.2d 206 (1981); *Russell v. United States*, 369 U.S. 749, 82 S. Ct. 1038, 8 L. Ed. 2d 240 (1962); *People v. King*, 41 Colo. App. 177, 581 P.2d 739 (1978); *State v. Roberts*, 101 Idaho 199, 610 P.2d 558 (1980).

The instructions to the jury in this case, in particular instruction No. 11, specifically advised the jury that it was only to consider testimony with regard to one specific event testified to by both the minor child and her mother. The court went on further in instruction No. 11 to tell the jury: "You are

specifically instructed not to consider the testimony of [the child] as to other sexual acts, for the reasons those alleged acts completely lack any corroboration and the defendant was never identified as the actor therein."

When one reviews the information, the instructions to the jury, and the record in this case, one can be left with no doubt that the act charged, and upon which Piskorski was convicted, was a specific act involving assault on the young child while the mother was present. The record makes it clear that only one such event occurred while the mother was present, although other violations, not charged in this information, may have occurred. Therefore, it would not be difficult to establish which act was involved that resulted in the conviction and is a bar to a subsequent prosecution for the same offense. The information satisfied all of the constitutional requirements, and the trial court was correct in refusing to sustain the motion to quash.

Piskorski's second argument is that the evidence was insufficient to establish the elements of the crime. The facts involving the incident are despicable, and we shall not cause further harm to the child by detailing them here. We must, however, recite a minimum number of facts to explain why the evidence was sufficient to sustain the conviction.

The evidence at trial, as testified to by the mother, established that Piskorski was babysitting while the mother was at work. When the mother returned from work that evening, she had several drinks with Piskorski, and they proceeded to engage in sexual intercourse on the living room floor. The child came downstairs from her bedroom during this act, and Piskorski suggested that she remain with them. The three then engaged in various sexual activities involving touching. The mother testified that while her daughter's clothes were off, the defendant touched the child between the legs with his hands, rubbed her between the legs, and then kissed her between the legs. Piskorski argues that the testimony establishing that he placed his head between the child's legs and kissed her did not prove the elements of the crime. With that argument we cannot agree.

Piskorski concedes that the instructions given by the court to the jury regarding the meaning of "sexual penetration," as

defined by Neb. Rev. Stat. § 28-318(5) (Reissue 1979), and the meaning of "cunnilingus" were correct. However, Piskorski argues in his brief that "[a]ssuming he put his head down between the victim's legs in an unspecified place and that he was kissing her in an unspecified place, he cannot be said to have performed cunnilingus on the victim." Brief for Appellant at 18.

Section 28-318(5) defines sexual penetration to include cunnilingus, an act which, as instructed to the jury, includes licking, kissing, sucking, or otherwise fondling the sex organ of the female with the mouth or tongue. By its very definition the act of kissing the sex organ of a female, which is the act of cunnilingus, constitutes sexual penetration within the meaning of § 28-319(1), even though there is not in fact intrusion into the body. In any event, the jury could reasonably reach the conclusion that the statute had been violated, based upon the testimony.

As we observed in *State v. Buchanan*, 210 Neb. 20, 312 N.W.2d 684 (1981), one accused of a crime may be convicted on the basis of circumstantial evidence if, taken as a whole, the evidence establishes guilt beyond a reasonable doubt. The State is not required to disprove every hypothesis but that of guilt. We further said in *State v. Buchanan, supra* at 29, 312 N.W.2d at 689:

> "It is only where there is a total failure of competent proof in a criminal case to support a material allegation in the information, or where the testimony adduced is of so weak or doubtful a character that a conviction based thereon could not be sustained, that the trial court will be justified in directing a verdict of not guilty."

We believe that a complete examination of the evidence in this case could not support action by the trial court in directing a verdict of not guilty, but, rather, raised questions of fact which were for the jury to determine. Having made that determination, it is not for this court to reverse. See, *State v. Morosin*, 200 Neb. 62, 262 N.W.2d 194 (1978); *State v. Fallis*, 205 Neb. 465, 288 N.W.2d 281 (1980). Piskorski's contention that the trial court erred in not directing a verdict of not guilty must be overruled.

Piskorski's final claim is that he was denied a fair trial. His claim is based upon the assertion that the prosecutor was actively involved in coaching the victim on her testimony, in telling her what to say when she testified, and in compelling the mother to relate her "tasteless and baseless tale." This argument is simply without any basis. Because we have concluded that there was sufficient evidence to convict Piskorski, that the information was not defective, and that there was no fault in the testimony of the child, we are unable to, in any manner, ascertain how Piskorski was denied a fair trial. The testimony of the mother was tasteless due to acts of which Piskorski was a party. He is in no position to maintain that the mother's telling of the truth, tasteless as it was, denied him a fair trial. Persons who commit tasteless crimes will be subjected to hearing tasteless testimony in court. That does not constitute denial of a fair trial. Piskorski has simply failed to point out any facts which would support his third assignment of error, and it also must be overruled. For these reasons the conviction and sentence are affirmed.

AFFIRMED.