STATE OF NEBRASKA, APPELLEE, V. NATHAN J. McGEE,
APPELLANT.

378 N.W.2d 674

Filed December 27, 1985.   No. 85-273.

John S. Mingus of Mingus & Mingus, for appellant.

Robert M. Spire, Attorney General, and Timothy E. Divis, for appellee.

KRIVOSHA, C.J., BOSLAUGH, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ., and COLWELL, D.J., Retired.

KRIVOSHA, C.J.

Nathan J. McGee appeals from a judgment entered by the district court for Buffalo County, Nebraska, finding McGee guilty of criminal nonsupport in violation of Neb. Rev. Stat. § 28-706(1) (Reissue 1979). We affirm.

The marriage between McGee and his former wife was dissolved by decree entered on March 17, 1978. In that decree McGee was ordered to support the minor child of the parties, Angela K. McGee, born March 8, 1977. By the decree the child support was set in the amount of $75 per month. The record further discloses that the last payment made by McGee was in late 1979. The information was filed on March 6, 1984, charging McGee with criminal nonsupport. On June 20, 1984, a felony arrest warrant was issued for McGee on the criminal nonsupport charges and various other offenses not relevant to this appeal. McGee was arrested in Kansas sometime after June

20, 1984. On September 12, 1984, McGee appeared pro se at an arraignment in the county court for Buffalo County, Nebraska. He requested and was assigned a court-appointed attorney and also requested and was granted a preliminary hearing. On October 24, 1984, McGee, together with his counsel, appeared in the county court for Buffalo County, waived his right to a preliminary hearing, and was bound over to the district court for Buffalo County. On February 6, 1985, McGee, together with his court-appointed counsel, appeared in the district court for Buffalo County, Nebraska, where the record reflects he freely, voluntarily, and knowingly entered a plea of guilty to the charge of criminal nonsupport. The record further indicates that at the time of his plea McGee was between $6,000 and $7,000 in arrears in his child support. Following the preparation of a presentence investigation, McGee was sentenced to 5 years' probation. Included in the terms of the probation were requirements that McGee serve 30 days in the county jail of Buffalo County and that he pay child support of $150 per month commencing May 1, 1985, and on the first day of each and every month thereafter until the past due child support had been paid.

McGee now appeals to this court, maintaining that (1) no proper information was filed upon which a conviction by plea or otherwise could be sustained and (2) McGee was denied his constitutional rights under Neb. Const. art. I, §§ 2, 3, 11, and 12, and U.S. Const. amend. XIV.

Turning to the first assignment of error, that no proper information was filed, we believe that the assignment is wholly without merit. The information filed against McGee in the district court for Buffalo County, Nebraska, charged that

> Nathan McGee . . . from October 26, 1979 to March 6, 1984 Feloniously, did then and there intentionally fail, refuse, or neglect to provide proper support which he knew or reasonably should have known he was legally obliged to provide, *to his minor child*. Said support having been ordered by the Buffalo County District Court, Nebraska, *in a decree dated March 17, 1978*, in the District Court of Buffalo County.

(Emphasis supplied.)

Section 28-706(1) provides in part as follows: "Any person who intentionally fails, refuses, or neglects to provide proper support which he knows or reasonably should know he is legally obliged to provide to a . . . minor child . . . commits criminal nonsupport."

While McGee's argument as to the defect in the information is somewhat obscure, it is apparently his position that by having failed to include the name of the minor child in the information, the information is somehow defective.

We believe McGee is in error. We have repeatedly held that where an indictment or information sets forth the crime in the language of the statute or the equivalent thereof, it is sufficient. See *Buckley v. State*, 131 Neb. 752, 269 N.W. 892 (1936). See, also, *State v. Piskorski*, 218 Neb. 543, 357 N.W.2d 206 (1984); *State v. Turner*, 218 Neb. 125, 354 N.W.2d 617 (1984). There cannot be any serious argument made here that the information did not charge McGee substantially in the language of the statute.

Additionally, we have held that for an information to be sufficient it must "inform the accused, with reasonable certainty, of the charge being made against him in order that he may prepare his defense thereto and also be able to plead the judgment rendered thereon as a bar to a later prosecution for the same offense." *State v. Dreifurst*, 204 Neb. 378, 381, 282 N.W.2d 51, 53 (1979). No serious argument can be made that the complaint here failed to sufficiently advise McGee of the charge made against him or to render a conviction a bar to any later prosecution for the same offense.

To begin with, the information specifically charged him with failing to support his "minor child." No contention is made that there is more than one child. Therefore, to suggest that by having failed to name the single child the complaint is defective is wholly without merit. Had McGee been unhappy or dissatisfied with the specific language of the information, he was obligated to seek a more specific statement. See, *Nelson v. State*, 167 Neb. 575, 94 N.W.2d 1 (1959); *State v. Bargen*, 219 Neb. 416, 363 N.W.2d 393 (1985). We noted in *State v. Abraham*, 189 Neb. 728, 730, 205 N.W.2d 342, 344 (1973):

[I]f the information . . . was not sufficiently specific to

satisfy the [defendant, he was] afforded a remedy by motion to quash. It must be presumed that [he was] aware of the nature and cause of the charges against [him] since [he was] willing to proceed . . . on the general issue without further clarification of the charges being requested.

It is clear beyond question that McGee was fully advised as to which child it was he was charged with nonsupport, it being his only child of this marriage. Moreover, the information identified the child as that child named in the decree dated March 17, 1978.

In addition, there is no question but that both the information and the evidence are sufficient to bar any further prosecution for the same offense. If, for some reason, McGee was again charged with the same offense for the same child, all he need do is plead this particular case and the evidence presented to the court in support of the conviction and it would constitute a bar to any subsequent action.

As we noted in *State v. Piskorski, supra* at 546, 357 N.W.2d at 209:

> We have come to the conclusion that an indictment or information meets all constitutional requirements (1) if it shows that the acts which defendant is charged with committing amounted to a crime which the court had power to punish, and that it was committed within the territorial jurisdiction of the court, (2) if it informs the defendant of the nature of the charge against him, and (3) if it constitutes a record from which it can be determined whether a subsequent proceeding is barred by the former adjudication. And to the third requirement, it cannot be said that the indictment or information alone must be full protection against double jeopardy, for the reason that in many cases, such as where several acts constitute a single crime, the defendant is often required to allege facts outside the record to support his plea of former adjudication. If the information or indictment apprises the defendant with reasonable certainty of the accusation against him so that he may prepare his defense and plead the judgment as a bar to a subsequent prosecution for the same offense, it meets the fundamental purposes of an

information or indictment, as well as constitutional requirements.

We went on to say at 548, 357 N.W.2d at 210-11:

> An indictment or information alone need not be full protection against double jeopardy because a defendant may allege and prove facts outside the record in support of a plea of former adjudication. Cowan v. State, *supra*. The remedy of a bill of particulars is available to assist a defendant in preparing his defense and to protect him against a second prosecution for the same offense. Myers v. United States, 15 F.2d 977.

McGee's claim, therefore, that the information was not sufficient so as to bar a subsequent action because the child's name was not included is simply without any basis at all. There is no question but that McGee can easily adduce evidence to establish that he had but one child for whom he was ordered by the decree of March 17, 1978, to pay child support.

As to McGee's second assignment of error, we are unable to comprehend what his claim is. Neb. Const. art. I, § 3, provides that "[n]o person shall be deprived of life, liberty, or property, without due process of law." Article I, § 2, prohibits slavery or involuntary servitude other than for punishment of crime. Article I, § 11, requires that in all criminal prosecutions the accused shall have the right to appear and defend in person or by counsel, to demand the nature and cause of accusation and to have a copy thereof, to meet the witnesses against him face to face, to have process to compel the attendance of witnesses in his behalf, and to a speedy public trial by impartial jury of the county or district in which the offense is alleged to have been committed. Article I, § 12, provides that no person shall be compelled in any criminal case to give evidence against himself or be twice put in jeopardy for the same offense. In view of the fact that McGee has cited these sections to us but has not favored us with argument as to how they have any application to his case, and in view of the fact that the record does not disclose any such violations, we must reject out of hand McGee's second assignment of error.

The judgment and sentence are affirmed.

AFFIRMED.