

Roger A. Tellinghuisen, Atty. Gen., and Thomas Harmon, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Steven G. Haugaard of Hunt and Haugaard Law Office, Sioux Falls, for defendant and appellant.

**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Harold PICOTTE, Defendant and Appellant.**

**No. 15631.**

Supreme Court of South Dakota.

Considered on Briefs Nov. 20, 1987.

Decided Dec. 23, 1987.

PER CURIAM.

A jury convicted appellant Harold Picotte (Picotte) of distribution of more than one ounce but less than one-half pound of marijuana for consideration, a class 6 felony. SDCL 22–42–7. In this direct appeal from his conviction Picotte contends that his court-appointed attorney provided him with ineffective assistance of counsel. We affirm.

 Ordinarily, ineffective assistance of counsel claims will not be considered on direct appeal. *State v. Aliberti,* 401 N.W.2d 729 (S.D.1987). The preferable method of presenting an allegation of ineffective assistance of counsel is through habeas corpus proceedings, in part, because a

sufficient record can be made to enable proper appellate review. *State v. Anderson,* 387 N.W.2d 544 (S.D.1986).

On direct appeal the review of ineffective assistance of counsel claims is limited to determining whether the representation was so casual that the trial record evidences a manifest usurpation of an appellant's constitutional rights. *Luna v. Solem,* 411 N.W.2d 656 (S.D.1987). We have examined the record and find that Picotte's claims of ineffective assistance do not rise to the level of plain error. *State v. Aliberti, supra.* Therefore we will not review Picotte's ineffective assistance of counsel claims under the test presented in *Strick-*

*land v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). See *Luna v. Solem, supra.*

The judgment of conviction is affirmed.