No. 14-0146 - David Ballard, Warden, Mount Olive Correctional Complex, and Jim Rubenstein, Commissioner, West Virginia Division of Corrections v. Richard Lee Hunt

**FILED**

**April 9, 2015**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

LOUGHRY, Justice, concurring, in part, and dissenting, in part; joined by Chief Justice Workman:

I concur in the majority's reversal of the circuit court's order granting habeas relief to Mr. Hunt and awarding him a new trial. I write separately for two reasons. First, I disagree with the majority's conclusion that it was error for the prosecutor to refer to Mr. Hunt as a "pedophile" and for the State to introduce expert testimony concerning Mr. Hunt's pedophilia during his trial on charges of sex crimes against his child victim. Although the majority ultimately concludes that the error was harmless, I do not believe there was any error. Second, I strenuously disagree with the majority's new point of law, which precludes the admission of expert testimony to show that an "accused has the character trait of a pedophile" in order "to prove that on a particular occasion the accused acted in accordance with that character trait." While the majority appears to have restricted its new point of law to expert evidence of a criminal defendant's "character trait of a pedophile," it is unclear

1

whether it will impact the admissibility of expert testimony of a criminal defendant's actual diagnosis of pedophilic disorder.[1]  I will address each of these points in turn.

It has long been the law in this State that a criminal defendant's prior bad acts are admissible under Rule 404(b) to show the defendant's lustful disposition toward children in prosecutions for sex crimes against a child.  In the seminal case of *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990), this Court held

> Collateral acts or crimes may be introduced in cases involving child sexual assault or sexual abuse victims to show the perpetrator had a lustful disposition towards the victim, a lustful disposition towards children generally, or a lustful disposition to specific other children provided such evidence relates to incidents reasonably close in time to the incident(s) giving rise to the indictment. To the extent that this conflicts with our decision in *State v. Dolin*, 176 W.Va. 688, 347 S.E.2d 208 (1986), it is overruled.

*Edward Charles L.*, 183 W.Va. at 643, 398 S.E.2d at 125, syl. pt. 2.  Recognizing the vulnerability of children in such heinous matters, the Court reasoned in *Edward Charles L.* that

> these cases generally pit the child's credibility against an adult's credibility and often times an adult family member's credibility. Since sexual abuse committed against children is such an aberrant behavior, most people find it easier to dismiss the child's testimony as being coached or made up or conclude that any touching of a child's private parts by an adult must have been by accident. In addition, children often have greater

---

[1]"Pedophilic disorder" is discussed more fully, *infra*.

difficulty than adults in establishing precise dates of incidents of sexual abuse, not only because small children don't possess the same grasp of time as adults, but because they obviously may not report acts of sexual abuse promptly, either because they are abused by a primary care-taker and authority figure and are therefore unaware such conduct is wrong, or because of threats of physical harm by one in almost total control of their life. In most cases of sexual abuse against children by a care-taker or relative, the acts of sexual abuse transpire over a substantial period of time, often several years. Consequently, under the existing collateral acts rule, a child victim is unable to present the complete record of events forming the context of the crime. Lastly, there is a common misconception that children have a greater propensity than adults to imagine or fabricate stories of sexual abuse. Research indicates, however, that absent coaching, children are far less likely to lie about matters in the sexual realm than adults, and that absent sexual experience there is little means by which children can imagine sexual transactions. In consideration of all these factors, the probative value of such testimony far outweighs the potential for unfair prejudice. (Internal footnotes omitted.).

*Id.,* 183 W.Va. at 650-51, 398 S.E.2d at 132-33. Indeed, where there has been the proper introduction of collateral acts evidence of the accused's lustful disposition toward children, I see no harm in the prosecution's use of the terms "pedophile" or "pedophilia," which is, at its very essence, a lustful disposition toward children. As one court has explained,

the modern psychology of pedophilia tells us that propensity evidence may actually possess probative value for juries faced with deciding the guilt or innocence of a person accused of sexually abusing a child. In short, sexual attraction to children and a propensity to act upon it are defining symptoms of this recognized mental illness. *See* American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, pp. 527-28 (4th ed.1994) (302.2 - Pedophilia).

*State v. Prine*, 200 P.3d 1, 15-16 (Kan. 2009); *see also State v. Swallow*, 350 N.W.2d 606 (S.D. 1984) (finding expert's testimony on pedophilia did not express opinion on either defendant's guilt at trial on charges of child sex crimes or whether he was pedophile, and was admissible to assist jury in understanding testimony of victim children as to sexual activity with defendant).

In addition, during Mr. Hunt's trial on the instant charges involving his sexual abuse of an eleven-year-old boy, the prosecution introduced Rule 404(b) evidence under *Edward Charles L.* of Mr. Hunt's prior guilty plea and conviction for the first degree sexual abuse of his then nine-year-old stepsister. However, when Mr. Hunt took the stand, he denied that his prior offense against his young stepsister ever occurred. Consequently, I believe that Mr. Hunt's denial opened the door to the expert's testimony concerning Mr. Hunt having a diagnostic impression of pedophilia, even assuming such testimony was inadmissible, as the majority has found.

Reaching beyond evidence of collateral crimes, pedophila is a recognized mental disorder. Under the American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders pp. 697-700 (5th ed.) ("DSM-V"), "pedophilic disorder" has a diagnostic criteria of "recurrent, intense sexually arousing fantasies, sexual urges, or behaviors involving activity with a prepubescent child or children (generally 13 years or younger)" that persists "[o]ver a period of at least 6 months." I believe the concerns

enunciated in *Edward Charles L.* are equally supportive of the admission of expert testimony concerning a criminal defendant's diagnosis of pedophilic disorder in cases involving the sexual abuse or sexual assault of a child.

A qualified expert's testimony regarding a criminal defendant's diagnosis of pedophilic disorder is quite different from expert testimony that the accused has, as the majority states, "the *character trait* of a pedophile[.]" (Emphasis added). While the majority's new point of law would arguably not exclude the admission of expert evidence of a criminal defendant's diagnosed pedophilic disorder, I also wish to point out that a diagnosed psychiatric disorder is not the same thing as a "character trait," such as "honesty" or "peacefulness." *See* 1 McCormick on Evid. § 195 (7th ed. 2013) ("Character is a generalized description of a person's disposition, or of the disposition in respect to a general trait, such as honesty, temperance[,] or peacefulness[.]"). Accordingly, rather than evaluating expert testimony regarding pedophilic disorder as a character trait to be analyzed under Rule 404(a)(1), as the majority has done, I believe that the admission of such expert testimony is more appropriately analyzed under our rules of evidence addressing the testimony of expert witnesses (Rules 702 through 704), as seen below.

In *State v. Fanguy*, 643 So.2d 860 (La. Ct. App. 1994), the defendant challenged his conviction for incest involving his minor daughter. At trial, the prosecution

introduced the testimony of an expert qualified in the field of psychology. This expert testified regarding his final diagnositc impression of the defendant as a pedophile. Appealing his conviction, the defendant argued that the admission of this expert testimony was erroneous because it was tantamount to allowing the expert to give an opinion on the ultimate issue—whether the defendant was guilty of incest. The court found that while an expert witness may not express an opinion as to the guilt or innocence of the accused, the jury was clearly informed that the expert was not giving an opinion as to the defendant's guilt or innocence. Accordingly, the appellate court found that the expert's testimony "was not an expression of his opinion on the guilt of the accused but rather a permissible opinion under La. Code Evid. art. 704."[2] *Fanguy*, 643 So.2d at 866.

In short, in cases involving sex crimes against a child, if there has been a proper admission of Rule 404(b) evidence under *Edward Charles L.*, I see no error in the prosecutor's reference to the accused as a "pedophile." Further, if the accused has been

---

[2]*See* LSA-C.E. Art. 704 ("Testimony in the form of an opinion or inference otherwise admissible is not to be excluded solely because it embraces an ultimate issue to be decided by the trier of fact. However, in a criminal case, an expert witness shall not express an opinion as to the guilt or innocence of the accused."). Previously, Rule 704(b) of the West Virginia Rules of Evidence prohibited expert opinion testimony "as to whether the defendant did or did not have the mental state or condition constituting an element of the crime charged or of a defense thereto. Such ultimate issues are matters for the trier of fact alone." In 1985, this Court deleted subsection (b) from Rule 704, which currently states, in full: "Testimony in the form of an opinion or inference otherwise admissible is not objectionable solely because it embraces an ultimate issue to be decided by the trier of fact."

6

diagnosed with pedophilic disorder, I believe the State should be allowed to proffer expert testimony concerning that diagnosis. Such testimony would, of course, be subject to our law and evidentiary rules regarding the admissibility of expert testimony, including West Virginia Rules of Evidence 701, 702 and 703, as well as the balancing test under Rule 403,[3] which provides for the exclusion of otherwise relevant evidence.

For these reasons, I respectfully concur, in part, and dissent, in part, to the majority's decision in this case.

---

[3]Rule 403 provides: "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

7