STATE of South Dakota, Respondent and Appellee,

v.

Paul Anthony BOLGER, Petitioner and Appellant.

No. 13837.

Supreme Court of South Dakota.

Argued Nov. 17, 1982.

Decided April 27, 1983.

---

Jeffrey P. Hallem, Asst. Atty. Gen., Pierre, for respondent and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Jeffrey L. Viken of Finch & Viken, Rapid City, for petitioner and appellant.

MORGAN, Justice.

This appeal arises from the denial of appellant Paul Bolger's (Bolger) petition for post-conviction relief. We affirm.

Bolger sought relief below from a plea of guilty arising from a murder charge for the beating death of Emory Joe Charging on April 17, 1979. In May of 1979, Bolger originally entered a plea of not guilty and not guilty by reason of mental illness. On September 17, 1979, as a result of plea bargaining negotiations, the State moved to reduce the murder charge to manslaughter in the first degree and Bolger pled guilty to the latter charge. On that plea, he was sentenced on October 4, 1979, to serve a term of eighty years in the South Dakota State Penitentiary. He petitions for post-conviction relief, asserting two grounds: first, that the sentencing judge had participated in the plea-bargaining arrangements, contrary to SDCL 23A–7–8, thereby vitiating the same; and second, that his plea of guilty was not intelligently, knowingly and voluntarily entered.

Bolger's initial contention is based upon SDCL 23A–7–8 and centers on the last sentence thereof, which provides: "A court shall not participate in such discussions." Bolger contended that on September 10, 1979, when the negotiations were in progress, counsel met with the trial judge to discuss the plea bargain. This was one week before the same trial judge presided at his change-of-plea proceedings. Bolger urges this court to adopt a strict application of this rule, which would prohibit any exchange between counsel and the court.

The court below found as a finding of fact "[t]hat there is no indication from the record that there was any participation by the judge in the plea bargaining between counsel in this matter." Finding of Fact IX. Additionally, the trial court held, "[t]hat the Court did not participate in any plea bargaining between counsel, and only became involved after the parties had reached an agreement." Finding of Fact X. On review, this court may disturb a circuit court's finding of fact only if the evidence preponderates against them. *Brim v. State,* 290 N.W.2d 680 (S.D.1980).

The record reflects that during the September 10, 1979, meeting between counsel and the trial judge, counsel approached the trial judge concerning the likelihood of his accepting a plea bargain.[1] The plea bargain itself had apparently been developed by counsel. In effect, the plea bargain called for the State to file an amended information charging manslaughter in the first degree, dismissing the Murder information, and recommending to the trial court that a sentence up to a maximum seventy years be imposed. Bolger, on his part, would plead guilty to the manslaughter charge. The record shows that the trial court merely indicated that it would go along with the charge adjustment but that it would not be bound by a seventy-year maximum on the sentence.

We note that the trial judge meticulously questioned Bolger regarding his understanding of the charge, his constitutional rights and possible ramifications of the

---

1. In view of the nature of the crime which the post-conviction trial court described as a vicious, unprovoked and wanton slaying of a helpless victim, counsel might well question whether the judge would even consider any type of plea bargain.

plea. These actions are a judge's responsibility and cannot be construed as participation prohibited by SDCL 23A–7–8. In our view, from the record, Bolger has neither established a basis for post-conviction relief, nor has he shown that the evidence preponderates against the findings that the judge did not participate in the plea bargain. Consequently, we affirm the trial court below on this issue.

■ Bolger's second issue on appeal is that his guilty plea to manslaughter in the first degree was not voluntarily made because the circumstances here rendered his guilty plea invalid. According to Bolger, these circumstances include participation by the trial judge in the plea-bargain process, his age of nineteen and one-half years when he made this plea bargain, his mental condition, his consumption of medication during the plea process, and the complex nature of the plea-bargain arrangement. This court in *Clark v. State*, 294 N.W.2d 916 (S.D. 1980), stated that the court will look at the totality of the circumstances to determine whether a guilty plea was made knowingly and voluntarily.[2]

We have already discussed the participation by the trial judge in the plea-bargaining process. As to Bolger's mental condition, the record reflects that he had been diagnosed as suffering from schizophrenic psychosis and had been deemed a sociopath. However, at the change of plea hearing Bolger's counsel acknowledged that, due to the psychiatric reports, it was unlikely that a jury would find Bolger not guilty by reason of mental illness.

As to the complexity of the nature of the plea-bargaining arrangement, the trial judge repeatedly asked Bolger if he understood the plea arrangement. Bolger expressed some confusion but when he did not understand a point, either the judge or Bolger's attorney explained it. As Bolger stated at one point, "No, I've already decided I'm going to make my plea. I had six months to think about it."

The record reflects that Bolger expressed some confusion at the change-of-plea proceeding. The post-conviction court made extensive findings on this issue. The court found:

V.

That counsel and the Court went to great length at the time of the change of plea to disabuse any misunderstanding or confusion that might have existed or arisen in this Petitioner's mind concerning the potential length of sentence if he should plead guilty to a reduced charge of manslaughter. That there was some momentary confusion in this Petitioner's mind concerning Judge Grosshans' initial explanation that the Court was not bound by the recommendation of counsel for a seventy (70) year sentence. That this confusion was cleared up following an off the record discussion between this Petitioner and his counsel, and the record is clear that no confusion existed on this point after that recess in the proceedings.

VI.

That Judge Grosshans went to great length to explain in plain and simple language to this Petitioner that the Court would not be bound by any of the sentencing statements, other than the fact that the sentence would be for a term of years and that the term of years would not exceed eighty in number. That this Petitioner acknowledged, on a number of occasions, his understanding of this. That Judge Grosshans offered this Petitioner an opportunity to withdraw his guilty plea, and this Petitioner refused.

---

2. The Eighth Circuit Court of Appeals and the United States Supreme Court have also fashioned tests for this issue. The Eighth Circuit Court of Appeals stated that "[t]he fundamental test is whether the plea of guilty was 'an intelligent act "done with sufficient awareness of the relevant circumstances and likely consequences." ' " *Watkins v. Solem*, 571 F.2d 435, 437 (8th Cir.1978). The United States Supreme Court has stated that the test is whether the plea represents a voluntary and intelligent choice among alternative courses of action open to the defendant. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

## VII.

That the record of these proceedings reflects that this Petitioner clearly understood that he was facing a possible sentence of eighty (80) years if he pleaded guilty to the reduced charge of First Degree Manslaughter.

## VIII.

That this Petitioner was not a credible witness at the post-conviction hearing when he proclaimed that he did not understand the remarks of Judge Grosshans, and that he was induced to enter his guilty plea because he then believed that Judge Grosshans had committed himself to accepting the recommendation of counsel for a seventy (70) year sentence.

 Bolger's age cannot be said to adversely affect his plea since he was over the age of minority. Similarly, his mental condition could not be said to adversely affect his plea since his mental condition was not so debilitating that he was unable to consult with his counsel or unable to understand the proceedings. *See Bolius v. Wainwright,* 597 F.2d 986 (5th Cir.1979). Nor does Bolger's mere ingestion of medication render him per se incompetent to enter a plea of guilty. *See Branstuder v. State,* 609 S.W.2d 460 (Mo.App.1980).

We determine that the record supports the findings of the post-conviction court rather than preponderates against it. Also, we note the findings clearly support the conclusions of law. As the court concluded:

## III.

That the record of these proceedings clearly reflects that this Petitioner understood that he was facing a possible sentence of eighty (80) years upon his plea to the charge of First Degree Manslaughter, and therefore his plea was not involuntary or unknowingly made.

## IV.

That Judge Grosshans did not "participate" in the plea discussions by counsel in this matter in the sense of that word as it appears in SDCL 23A–7–8.

## V.

That the plea of guilty entered in this matter by the Petitioner to the crime of First Degree Manslaughter was knowingly and voluntarily entered.

From the record before us, we determine that Bolger's guilty plea was intelligently, knowingly, and voluntarily made.

We affirm the denial of post-conviction relief.

All the Justices concur.