**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Sheryl LASHWOOD, Defendant and Appellant.**

**No. 14812.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 9, 1985.

Decided March 26, 1986.

John W. Bastian, Asst. Atty. Gen., Pierre, for plaintiff and appellee; Mark V. Meierhenry, Atty. Gen., Pierre, on brief.

Jeffrey D. Larson of Bleeker, Boldt & Koch, Woonsocket, for defendant and appellant.

MORGAN, Justice.

Defendant Sheryl Lashwood (Lashwood) appeals from a judgment and conviction on three counts of forgery, SDCL 22–39–36. We affirm the conviction.

The judgment of conviction arose when Lashwood entered pleas of nolo contendere to two counts of forgery and a plea of guilty to a third count of forgery, all pursuant to a plea bargain with the State. On appeal, she now raises due process questions regarding the acceptance of the pleas on three grounds: (1) That said pleas were not knowingly, voluntarily or intelligently made; (2) that the trial court failed to ascertain that there was sufficient factual basis to accept her pleas; and (3) that the trial court accepted her pleas five months after having informed her of her constitutional and statutory rights.

We deem it expedient to set up a chronological sequence of Lashwood's appearances in circuit court on this matter. All court appearances were held before the same circuit judge.

| | |
|---|---|
| February 1, 1984 | Arraigned on two counts of forgery, advised of all legal rights, hearing continued for appointment of counsel. |
| February 6, 1984 | Requested preliminary hearing. |

| | |
|---|---|
| February 16, 1984 | Preliminary hearing held, Lashwood bound over. Amended complaint filed with one more count of forgery and one count of burglary in the second degree. Advised that full legal rights previously mentioned applied to new counts. |
| February 21, 1984 | Second preliminary hearing held on last two counts, Lashwood bound over. Arraigned and entered plea of not guilty and not guilty by reason of insanity. Trial court ordered psychiatric evaluation. |
| June 19, 1984 | Arraigned on amended information pursuant to plea bargain, again advised of full panoply of rights. Plea bargain was discussed and Lashwood entered a plea of nolo contendere to two counts of forgery and a plea of guilty to a third count. Trial court found her competent, found that her plea was voluntary, noted that the preliminary hearing provided the factual basis, and accepted her pleas. |
| September 5, 1984 * | Sentencing hearing. Because defense attorney misunderstood the effect of multiple pleas, trial court allowed previous pleas to be withdrawn and new attorney appointed. |
| November 15, 1984 | New pleas were entered per bargain, i.e., nolo contendere to two counts and a plea of guilty to a third count of forgery. The trial court asked if she has any questions regarding her rights as previously explained to her. A new sentencing hearing was held. |
| November 19, 1984 | Defendant was sentenced to three years on each count, the sentences to run consecutively. One year of each sentence would be suspended provided defendant made restitution to Beadle County for her court-appointed attorneys and to the victim of the forgeries. |

▮ On the first issue, Lashwood contends that her pleas were not knowingly, voluntarily and intelligently made because of her prior history of mental problems, which precluded her from giving an effec-

tive plea. We first point out that this court reviews the totality of the circumstances when ascertaining whether a plea was made knowingly and voluntarily. *State v. Bolger*, 332 N.W.2d 718 (S.D.1983); *Clark v. State*, 294 N.W.2d 916 (S.D.1980). In order to overturn an otherwise effective plea, a defendant claiming involuntariness based upon mental condition must show that the mental condition was so debilitating that she was unable to consult with counsel or unable to understand the proceedings. *Bolger, supra, citing Bolius v. Wainwright*, 597 F.2d 986 (5th Cir.1979). We find this issue to be totally without merit. The record indicates that Lashwood had some history of physical and psychological problems. A psychiatric examination, however, was done pursuant to order of the circuit court after her initial plea of not guilty by reason of insanity. While that examination confirms that Lashwood suffers from premenstrual syndrome and she has significant memory loss, the report also shows that Lashwood knew right from wrong and had the ability to help in her own defense. According to the record of the November 15 hearing, the trial court began to make some inquiry into Lashwood's current mental condition and when it asked "you are not mentally ill today, are you?", defense counsel objected and the court ceased this line of questioning. The trial court carefully entered findings of Lashwood's mental condition when accepting the November 15 plea. Lashwood will not now be heard to complain that the court's inquiry was inadequate when she, through her own counsel, cut it off.

As her second issue, Lashwood claims that there was no sufficient factual basis ascertained by the court for the acceptance of her pleas on the November 15, 1984, arraignment. SDCL 23A–7–2 provides that the court shall not enter a judgment unless it is satisfied there is a factual basis for any plea except a plea of nolo contendere. Regardless of the statutory provision, the record discloses that at the June 19 pro-

---

* Although Lashwood makes no issue of the time lapse between the plea and the sentencing hear-

ing, apparently it was contributed to, if not caused by, Lashwood's physical problems.

ceedings the trial court noted that although it was not required to do so for the nolo pleas, a factual basis existed for both nolo pleas and the guilty plea based on the February 16 and February 21 preliminary hearings. "[A] transcript of the preliminary hearing could provide the evidence that there is a factual basis for the plea." *State v. Sutton*, 317 N.W.2d 414, 416 (S.D. 1982). At the November 15 arraignment, the trial court found, on the record, that there existed a factual basis for the pleas, although it made no specific findings as to what the factual basis was nor did it again refer to the preliminary hearings. It is safe to presume that the trial court was once again referring to the preliminary hearings.

 The purpose of establishing a factual basis for a plea is to "protect a defendant who is in a position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge." *Spirit Track v. State*, 272 N.W.2d 803, 805 (S.D.1978) *quoting McCarthy v. United States*, 394 U.S. 459, 467, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 426 (1969). Inasmuch as defendant simply reiterated her June 19 pleas at the November 15 arraignment, she cannot be said to have not realized that her conduct may not fall within the charges. Accordingly, the factual basis found by the court on June 19, and impliedly relied upon November 15, is sufficient.

 For her final issue, Lashwood contends that she was not adequately readvised of her constitutional rights at the November 15 arraignment. As noted above, this court looks to the totality of the circumstances in determining whether a plea was voluntarily and knowingly entered. *Bolger, supra; Clark, supra*. "The time element [between the advisement of rights and acceptance of the plea] is but one of the factors in the totality of the circumstances determining whether there was knowledge on the part of the petitioner and whether there has been a voluntary entry of a guilty plea." *Clark*, 294 N.W.2d at 919, *quoting Singletary v. State*, 88 S.D. 655, 659, 227 N.W.2d 424, 426 (1975). "It need only be shown, through the record, that he [defendant] had knowledge of his rights and the consequences of his guilty plea at the time the plea was entered." *Clark*, 294 N.W.2d at 919, *citing Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *Clark, supra*, this court upheld a guilty plea entered twenty-eight days after arraignment. In *Clark*, petitioner was never questioned regarding his legal rights prior to the acceptance of the plea. In the case at bar, the trial court specifically asked defendant if she knew her legal rights, as it had previously fully advised her, and she responded affirmatively. In light of the other elements present, (1) defendant was thirty-two years of age; (2) she had previous experience with the criminal justice system; and (3) she was adequately represented by counsel during *all* stages of the proceeding, *see Clark*, 294 N.W.2d at 920; and (4) the chronological history which we first noted indicating that Lashwood was fully advised of the constitutional rights that affected her plea on at least two occasions, the last time being on June 19, 1984, all of which occasions occurred before the same trial judge, we believe the record reflects Lashwood understood her rights and the consequences of her pleas.

We affirm the conviction.

HENDERSON and WUEST, JJ., and HERTZ, Circuit Judge, acting as a Supreme Court Justice, concur.

FOSHEIM, C.J., deeming himself disqualified, did not participate.

SABERS, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.