**STATE of South Dakota, Plaintiff
and Appellee,**

v.

**James Thomas REED, Defendant
and Appellant.**

**No. 16536.**

Supreme Court of South Dakota.

Considered on Briefs Sept. 15, 1989.

Decided Feb. 14, 1990.

Thomas Harmon, Deputy Atty. Gen., Pierre, for plaintiff and appellee; Roger Tellinghuisen, Atty. Gen., Pierre, on the brief.

Shawn Jensen Pahlke, Office of Public Defender, Rapid City, for defendant and appellant.

MORGAN, Justice.

James Thomas Reed (Reed) pled guilty but mentally ill (SDCL 23A–27–38) * to first degree rape (SDCL 22–22–1) and was sentenced to twenty-five (25) years in the penitentiary. His sole contention on appeal is that this sentence violates his eighth amendment right against cruel and unusual punishment.

Reed was charged with five counts of first degree rape, one count of attempted first degree rape, and with being a habitual criminal. At his preliminary hearing three children—his ex-wife's 8–year–old sister, his ex-wife's 6–year–old daughter, and Reed's 8–year–old son—described incidents of anal and/or vaginal intercourse forced on them by Reed when he was baby-sitting. In addition, the ex-wife's 9–year–old stepson described watching Reed force the stepson's 4–year–old brother to perform fellatio on Reed. Reed's son confirmed this incident.

Reed pled guilty to one count of first degree rape, a count involving the anal rape of his son. The state, in turn, dismissed the remaining rape, attempted rape, and habitual offender charges following Reed's sentencing.

Prior to sentencing a presentence report was completed. It revealed that Reed is a mentally ill 29–year–old man with borderline intelligence. He was sexually abused, beaten and tormented by his father throughout his childhood. Reed was convicted of second degree rape in 1979 and charges of sexual contact with a child under the age of 16 were dismissed in 1984 and 1985. Sentencing recommendations for Reed ranged from long-term in-patient psychiatric treatment to the maximum penitentiary sentence. Reed himself expressed remorse and asked for help.

The trial court sentenced Reed to twenty-five years in the penitentiary. During sentencing the trial court stressed Reed's need for treatment and the judgment provides, in part:

ORDERED, that first and foremost the Defendant get mental health treatment under the provisions of the mental illness statutes as they relate to guilty but mentally ill pleas.

Reed now contends that this sentence violates the Eighth Amendment's prescription against cruel and unusual punishment.

■ Every felony sentence is not subjected to exhaustive review; generally, a sentence within the statutory maximum is not disturbed. *State v. Weiker,* 366

---

* The constitutionality of the guilty but mentally ill statutory scheme is settled in South Dakota.

*Robinson v. Solem,* 432 N.W.2d 246 (S.D.1988); *State v. Robinson,* 399 N.W.2d 324 (S.D.1987).

N.W.2d 823 (S.D.1985). Where the court is asked to review a punishment within the statutory limits, the question is whether the trial court abused its discretion. *State v. Phipps*, 318 N.W.2d 128 (S.D.1982). This court first determines whether the sentence shocks the conscience, or is so disproportionate to the crime so as to activate the Eighth Amendment "within and without the jurisdiction" proportionality tests. *State v. Bonrud*, 393 N.W.2d 785 (S.D.1986).

■ Reed's sentence is within statutory limits for a Class 2 felony. SDCL 22–22–1, SDCL 22–6–1(4). Given Reed's past history of sexual deviance coupled with the inhumane acts on children leading to this conviction we understand why the trial judge sentenced Reed to the maximum twenty-five year sentence. While the sentence serves the valid goals of retribution and deterrence the trial court also provided for the goal of rehabilitation by ordering mental health treatment. *See Gregg v. Georgia*, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976).

This sentence is not "excessive or disproportionate to the crime, and shocks the conscience neither of men generally, nor of this Court, [and] the sentence passes constitutional muster." *State v. Perkins*, 444 N.W.2d 34, 40 (S.D.1989); *State v. Brown*, 435 N.W.2d 225 (S.D.1989).

Affirmed.

WUEST, C.J., and SABERS and MILLER, JJ., concur.

HENDERSON, J., concurs in part and dissents in part.

HENDERSON, Justice (concurring in part, dissenting in part).

I agree that his Eighth Amendment rights against cruel punishments were not violated. Reed has a long history of mental illness and it will take, unquestionably, years of intensive mental therapy to alleviate or cure his mental illness.

Insofar as the lengthy sentence is concerned, in isolation of that issue alone, I cannot disagree with rationale of the circuit judge to both help this man and to keep him away from his defenseless prey. Our GBMI statutes of this state are badly in need of due process correction. In my opinion, which I have expressed before, they are unconstitutional. *See, State v. Robinson*, 399 N.W.2d 324 (S.D.1987); Henderson, J., concurring in part and dissenting in part in which Sabers, J., joined; *Robinson v. Solem*, 432 N.W.2d 246 (S.D. 1988); Morgan, J., concurring in part and concurring in result in part; Henderson, J., dissenting and Sabers, J., concurring in result and dissenting in part. Tacitly, the majority opinion approves of the constitutionality of the GBMI statutes of this state. I cannot. And realize that I am entrenched in a minority viewpoint.