**The STATE of South Dakota,
Plaintiff and Appellee,**

v.

**Bernard BASKER, Defendant
and Appellant.**

**No. 17086.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 13, 1991.

Decided April 10, 1991.

Sherri Sundem Wald, Asst. Atty. Gen. (Roger A. Tellinghuisen, Atty. Gen., on the brief), Pierre, for plaintiff and appellee.

Wayne F. Gilbert of Banks, Johnson, Johnson, Colbath & Huffman, P.C., Rapid City, and David L. Claggett, Spearfish, for defendant and appellant.

WUEST, Justice.

Bernard Basker (Basker) appeals his conviction of sexual contact with a minor. We affirm.

The marriage of Jan and Dennis K. produced a child on November 1, 1972, named K.K. Thereafter, Jan and Dennis were divorced and Jan was awarded custody of K.K. Mother and child remained in Lead, South Dakota, where K.K. attended school. Jan began dating Basker when K.K. was approximately eight years of age, and Jan and her daughter moved in with Basker.

Initially, K.K. resented Basker because she felt that he was attempting to take the place of her natural father and was trying to take her mother away from her. The atmosphere in the Basker home was often unstable; both Jan and Basker abused alcohol and fought frequently, sometimes involving K.K. in their disputes. As K.K. got to know Basker, their relationship improved. However, this improved relationship was not long lived.

While alone with K.K., Basker kissed her and stuck his tongue in her mouth. Although K.K. was only eight years old at the time, she understood that the kiss was

not a "fatherly" kiss and was inappropriate. K.K. did not tell her mother about this incident.

Afterwards, Basker began grabbing K.K.'s buttocks on a daily basis. When K.K. was approximately twelve years old, Basker began fondling her breasts. Basker also touched K.K.'s friend, G.D., in a similar manner. None of this touching ever occurred beneath the clothing.

During this period of time, K.K. never informed her mother of Basker's conduct. However, K.K. later told a social worker of these incidents and decided to press charges. Thereafter, the State of South Dakota brought a criminal action against Basker for simple assault and multiple counts of sexual contact with a minor in violation of SDCL 22–18–1(5) and 22–22–7, respectfully. Basker was convicted of simple assault and nine counts of sexual contact with a minor. He appeals to this court and raises five issues:

I.  Whether the trial court erred by admitting evidence of prior misconduct on the part of Basker which was not alleged in the indictment, to-wit: an alleged "french kiss" when the victim was approximately eight years of age;

II. Whether Basker's conviction violates the Sixth Amendment of the United States Constitution because it is based upon vague and indefinite allegations of incidents occurring during a three-month period of time;

III. Whether the evidence produced at trial is insufficient to support the factual findings of the jury, the judgment and sentence of the court;

IV. Whether the trial court erred in refusing to give Basker's proposed

jury instruction relating to the effect of intoxication on the intent requirement in SDCL 22–22–7.1; and

V.  Whether the sentence pronounced by the trial court is cruel and unusual punishment.

We address these issues in order, noting additional facts where necessary.

## I.

■ At trial, K.K. testified to the french kiss incident and the subsequent conduct of Basker in touching her buttocks and breasts. Several of K.K.'s friends and acquaintances testified that they saw Basker touch K.K.'s breasts and buttocks during the time in question. On appeal, Basker argues the trial court abused its discretion in admitting this "other acts" evidence.

■ The admissibility of other acts evidence is governed by SDCL 19–12–5, which provides:

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

When ruling on the admissibility of other acts evidence, a trial court must determine: (1) whether the intended purpose for offering the other acts evidence is relevant to some material issue in the case, and (2) whether the probative value of the evidence is substantially outweighed by its prejudicial effect.[1] *State v. Dickey*, 459 N.W.2d 445, 449 (S.D.1990) (*citing State v. Klein*, 444 N.W.2d 16, 18–19 (S.D.1989)); *State v. Champagne*, 422 N.W.2d 840, 842

---

**1.** We have on prior occasions stated a similar balancing test: whether the probative value of the proffered evidence substantially outweighs its prejudicial effect. *See, i.e., State v. Chapin,* 460 N.W.2d 420, 421 (S.D.1990); *State v. Sieler,* 397 N.W.2d 89, 93 (S.D.1986) (*citing State v. Means,* 363 N.W.2d 565, 568 (S.D.1985)); *State v. Dokken,* 385 N.W.2d 493, 497 (S.D.1986). We believe this is a misstatement of the evidentiary principle in SDCL 19–12–3, which provides (emphasis added):

Although relevant, *evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice,* confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

We in no manner overrule the holdings in the cases cited above as examples, finding the rule was merely misstated, not misapplied.

(S.D.1988); *State v. Reutter*, 374 N.W.2d 617, 625 (S.D.1985), *habeas corpus denied* 405 N.W.2d 627 (S.D.1987), *rev'd* 888 F.2d 578 (8th Cir.1989). The first inquiry concerns factual relevancy, i.e., whether the proffered evidence has any tendency to make the existence of any fact that is of consequence more probable or less probable than it would be without the evidence. SDCL 19–12–1; *State v. Rose*, 324 N.W.2d 894, 895 (S.D.1982). The second inquiry is addressed to legal relevancy: whether the probative value of the proffered evidence is substantially outweighed by the danger of unfair prejudice, confusion of the issues, misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. SDCL 19–12–3. *Accord Dickey*, 459 N.W.2d at 449. Whether the probative value of the proffered evidence is substantially outweighed by its prejudicial effect is a question left to the sound discretion of the trial court, and on appeal, the trial court's decision will not be disturbed absent a clear abuse of discretion. *Champagne*, 422 N.W.2d at 842; *State v. Grooms*, 399 N.W.2d 358, 361 (S.D.1987); *State v. Dokken*, 385 N.W.2d 493, 497 (S.D.1986); *Reutter*, 374 N.W.2d at 625.

The offense of sexual contact with a minor requires proof that the accused touched the breasts, genitalia or anus of the alleged victim with the intent to arouse or gratify the sexual desires of either the accused or the victim. SDCL 22–22–7 and 22–22–7.1. Because the State must prove the touching was done with the intent to arouse or produce sexual gratification, the offense of sexual contact with a minor is a specific intent crime, and evidence of such intent may be proved by other acts evidence. *See* SDCL 19–12–5; *Champagne*, 422 N.W.2d at 843–44; *State v. Means*, 363 N.W.2d 565, 568 (S.D.1985).

In a well reasoned memorandum opinion, the trial court examined the factual and legal relevancy of the questioned evidence. The trial court concluded that the proffered evidence was factually relevant for purposes of proving the alleged touching was done with the specific intent to arouse or produce sexual gratification for Basker or the girls, and that this same evidence was also factually relevant to negate any defense that the touching was accidental in nature. The trial court also determined the probative value of this evidence was not substantially outweighed by its prejudicial effect. The court found the evidence probative of Basker's intent because it disclosed his relationship with K.K. and demonstrated his opportunity to commit the alleged acts. The evidence also corroborated the charges involving K.K. The court instructed the jury that the other acts evidence was to be considered only for the limited purpose of determining Basker's intent in touching the girls. This instruction was given prior to the admission of the other acts evidence and as part of the charge to the jury. We find the trial court did not abuse its discretion.

## II.

■ The indictment in this case alleged Basker improperly touched K.K. sometime within a two-month time reference. Basker contends these allegations were so vague that his Sixth Amendment right to prepare an adequate defense was violated.

■ For an indictment to be sufficient, it must contain the elements of the offense charged such that it apprises the defendant with reasonable certainty of the accusations against him, and it must enable him to plead an acquittal of conviction as a bar to future prosecutions for the same offense. SDCL 23A–6–7; *State v. Swallow*, 350 N.W.2d 606 (S.D.1984); *State v. Bingen*, 326 N.W.2d 99 (S.D.1982). When time is not a material element of the offense charged, the indictment need not allege the precise time at which the offense was committed. SDCL 23A–6–9; *Swallow*, 350 N.W.2d at 608. Basker does not contend time is a material element of the offense charged, but that failure to plead a precise time has worked a prejudice against him. In particular, Basker asserts the ambiguity in the indictment effectively prohibited him from asserting the defense of voluntary intoxication as a means to negate the specific intent element of the crime charged.

■ Although an information should be as specific as possible with respect to time, it is not always possible to know with certainty when an offense occurred. This is especially true in sexual molestation cases involving a minor victim who does not immediately complain to authorities. Under these circumstances, specificity of time is not always required in an indictment. *Swallow*, 350 N.W.2d at 608. *See State v. Bird*, 292 N.W.2d 3 (Minn.1980); *State v. Waukazo*, 269 N.W.2d 373 (Minn.1978). We do not believe the lack of specific dates of the alleged sexual misconduct prohibited Basker from asserting voluntary intoxication as a defense. There was no evidence to suggest Basker was intoxicated at the time the alleged touching took place, and intoxication is not a defense which is time-dependent. *Cf.* SDCL 23A–9–1 (alibi defense). Under these circumstances, the indictment adequately apprised Basker of the accusations against him such that he could adequately prepare his defense and plead any judgment of conviction founded upon the indictment as a bar to any subsequent prosecution. We affirm the trial court on this issue.

### III.

Basker argues the evidence adduced at trial was insufficient to support his conviction. In determining the sufficiency of the evidence on appeal, we inquire:

> [W]hether there is evidence in the record, which, if believed by the jury, is sufficient to sustain a finding of guilt beyond a reasonable doubt (citations omitted). In making this determination, the Court will accept the evidence, and the most favorable inferences fairly drawn therefrom, which will support the verdict.

*State v. Miller*, 429 N.W.2d 26, 38 (S.D. 1988). *Accord Dickey*, 459 N.W.2d at 449–50.

■ The fact that Basker did not touch the girls beneath their clothing provides him no quarter. There is no requirement that the sexual contact take place underneath the clothing before it constitutes a violation of SDCL 22–22–7. *State v.*

*Schnaidt*, 410 N.W.2d 539 (S.D.1987). *See State v. Handy*, 450 N.W.2d 434 (S.D.1990).

■ With respect to the intent requirement of SDCL 22–22–7.1, K.K. testified that when Basker would grab her breasts and buttocks, he would speak of past sexual experiences and tell her jokes with sexual overtones. K.K. noticed his breathing was heavy and she believed him to be sexually aroused. G.D. testified that while staying with K.K. in July 1987, Basker came up from behind her and fondled her breasts and buttocks. She testified that when Basker grabbed her breasts he had a smile on his face, and she believed he was fondling her for his own sexual gratification. Another child who stayed with K.K. in December of 1986, observed that when Basker touched K.K. he would make jokes and had a "smirky" laugh. She described his face as looking "perverted" when he fondled K.K. A fourth child testified that when Basker fondled K.K. he made such comments as "nice butt," "you've grown up pretty good," "you've grown well," and "oh, you've prospered into a nice young woman."

We hold these facts and circumstances are sufficient to allow the jury to infer that Basker grabbed and rubbed K.K.'s and G.D.'s breasts and buttocks with the intent to arouse or gratify some sexual desire. The evidence is adequate to support the verdict, and we affirm on this issue.

### IV.

■ There was testimony at trial that Basker had a drinking problem and that he became intoxicated on the weekends during the two-month time frame in which the illegal touching allegedly occurred. The trial court instructed the jury that the condition of intoxication may affect the requisite element of intent as it relates to the simple assault charge; however, the court refused to give Basker's proposed jury instruction on intoxication as it relates to the sexual contact charges. Basker contends this was prejudicial error.

A trial court must instruct a jury on only those issues which are supported by competent evidence and need not instruct on mat-

ters which find no support in the evidence. *State v. Weisenstein*, 367 N.W.2d 201 (S.D. 1985); *State v. Huber*, 356 N.W.2d 468 (S.D.1984); *State v. Smith*, 344 N.W.2d 505 (S.D.), *cert. denied* 469 U.S. 841, 105 S.Ct. 144, 83 L.Ed.2d 83 (1984). The burden is on the defendant to demonstrate prejudicial error to the effect that the jury might and probably would have returned a different verdict if the proposed instruction had been given. *Schelske v. South Dakota Poultry Coop., Inc.*, 465 N.W.2d 187, 190 (S.D. 1991); *Weisenstein*, 367 N.W.2d at 206; *Ryken v. Blumer*, 307 N.W.2d 865, 869 (S.D.1981).

We find no error in the trial court's refusal to give Basker's proposed instruction. Although there was testimony at trial that Basker was intoxicated during the alleged simple assault, there was no testimony that Basker was intoxicated at the time of the alleged sexual contacts. Consequently, there was no evidence to support Basker's requested instruction and the trial court did not err in failing to so instruct.

## V.

The jury found Basker guilty of one count of simple assault and nine counts of sexual contact with a minor. Thereafter, the trial court sentenced him to thirty years of consecutive sentences, i.e., five years of imprisonment on six counts to be served consecutively.[2] On appeal, Basker asserts his sentence constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution and Art. VI, § 23 of the South Dakota State Constitution.

█ Not all felony sentences are subject to an exhaustive review, and generally, a sentence within statutory limits will not be disturbed. *State v. Reed*, 451 N.W.2d 409, 410 (S.D.1990); *State v. Weiker*, 366 N.W.2d 823, 826 (S.D.1985). On appeal, we first determine whether the sentence shocks the conscience or is so disproportionate to the crime that it activates the Eighth Amendment "within and without

the jurisdiction" proportionality tests.[3] *Reed*, 451 N.W.2d at 411; *State v. Bonrud*, 393 N.W.2d 785, 792 (S.D.1986) *Weiker*, 366 N.W.2d at 827.

█ We do not reach the Eighth Amendment proportionality analysis because we find Basker's sentence does not shock the conscience of the court, nor is it manifestly disproportionate to the crimes committed. The sexual abuse of children by their parental custodian violates the sacred trust that is the parent-child relationship. It distorts in the developing psyche of a child that which we as a society recognize as healthy human sexual behavior. The trial court's sentence of thirty years is within the statutory maximum. It neither shocks the conscience nor is disproportionate to the crimes Basker committed. The trial court did not abuse its discretion and we affirm.

We affirm on all issues.

MILLER, C.J., HENDERSON, J., and HERTZ, Circuit Court Judge, Acting as a Supreme Court Justice, concur.

SABERS, J., concurs specially.

AMUNDSON, J., not having been a member of the court at the time this case was considered, did not participate.

SABERS, Justice (specially concurring).

The trial court did not err in admitting victim's testimony of the "french kiss" when she was approximately eight years of age. As stated in my dissent in *State v. Champagne*, 422 N.W.2d 840, 845–46 (S.D. 1988):

Other courts have acknowledged that as to evidence of other occurrences a distinction exists between sexual molestation cases and other crimes. *See State v. Friedrich*, 135 Wis.2d 1, 398 N.W.2d 763 (1987). However, this distinction and the greater latitude given to admission of prior bad acts in sex crimes is and should be exercised only in the context of same

---

**2.** Basker's sentence on the remaining counts was concurrent.

**3.** *See Solem v. Helm*, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), setting forth the Eighth Amendment proportionality analysis.

defendant/same victim. The rationale for creating the distinction is that the victim's testimony as to prior similar acts by the defendant is necessary to "disclos[e] the relationship between the parties, [the] opportunity and inclination to commit the act complained of, and [to] corroborat[e] ... the specific charge." *State v. Haala*, 415 N.W.2d 69, 77 (Minn. App.1987). Testimony *by the victim*, but not by her step-sister, as to prior instances of sexual contact by the defendant may be relevant to the issue of intent in a charge for a violation of SDCL 22–22–7. (Emphasis in original).

Testimony by the victims about defendant's prior similar acts against the victims, but not against others, may be necessary to disclose the relationship between the parties. *Id.*