STATE of South Dakota, Plaintiff and Appellee,

v.

Kelly CRAGOE, Defendant and Appellant.

No. 18270.

Supreme Court of South Dakota.

Considered on Briefs Feb. 16, 1994.

Decided April 6, 1994.

Mark Barnett, Atty. Gen., Joan Boos Schueller, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Arnold Laubach, Jr., Pennington County Public Defender's Office, Rapid City, for defendant and appellant.

PER CURIAM.

## PROCEDURAL HISTORY

Kelly Cragoe (Cragoe) was charged with six counts of first degree rape and four counts of sexual contact with a child under the age of sixteen. On November 25, 1992, he pled guilty to two counts of first degree rape and the remaining eight counts were dismissed. Judge Konenkamp sentenced Cragoe to concurrent 99 year penitentiary terms with 34 years conditionally suspended on each sentence. Cragoe will be eligible for parole in approximately ten years. Pursuant to this Court's order of remand, the trial court held a hearing on the issue of proportionality of sentence on August 11, 1993. On appeal Cragoe challenges the constitutionality of the sentences.

We uphold the sentences.

## FACTS

Essentially, Cragoe has omitted any discussion of the facts in his brief. It is incumbent upon us to do so.

Cragoe committed his first sexual offense when he was fifteen years old. The victim was a five-year-old child. Cragoe experienced a stimulation when he fondled the child. Through the next two years, he had sexual contact with at least four other victims who were less than ten years of age. He was unremorseful and believed he was justified in molesting them because he claimed to have been molested at age fifteen.

In 1990 Cragoe was charged as a juvenile in Minnehaha County with three counts of sexual contact with a child under the age of sixteen. The victims were girls aged four, five and seven. He was rejected by the Youth Forestry Camp, a correctional facility, because it was not equipped to handle the extent of his sexual deviancy. A Minnehaha County Court Services Officer expected Cragoe to reoffend. He was declared a delinquent child and sent to Charter Hospital at Sioux Falls for evaluation. In October 1990, he was sentenced to jail for 270 days with 180 days conditionally suspended. He was placed on probation until age twenty-one (May 9, 1993). He was ordered to have no unsupervised contact with any minor children under age eighteen.

On January 13, 1991, Cragoe was released from jail. He and his mother moved to Rapid City because Cragoe did not want to deal with the stigma attached to him at Brandon Valley High School. Brandon Valley is a community near Sioux Falls. Both communities are in Minnehaha County. His Minnehaha County Court Services Officer was leery of the move, expressing in a written report, that Cragoe should have been transferred to adult court because he was a chronic sex offender, would probably repeat the offense and was a "high risk" and dangerous.

In Rapid City, Cragoe entered an outpatient adolescent treatment program and remained in it for a year. He graduated from high school in May 1992. He was twenty years old.

From July 1 to August 7, 1992 Cragoe, who was still on probation and under orders to have no unsupervised contact with children under age eighteen, began babysitting for a five-year-old girl and her eight-year-old sister while their mother worked. During this time frame he sexually molested each girl many times by penetrating her vagina with his finger, tongue, and erect penis. Each child now has emotional difficulties and physical wounds. Each have enlarged hymens and abnormal vaginal scarring and notching. The eldest daughter suffers post-traumatic stress which includes sleep disturbances involving nightmares about Cragoe, negative emotional reactions to TV programs about abuse, and seeing Cragoe's acquaintances in public. She holds herself responsible for what happens and feels it is what she has to look forward to in life. The youngest daughter has begun sexual acting out, is inappropriate with males, and resistant to adult direction.

At sentencing the trial court considered the following matters in mitigation: (1) Cragoe had no prior adult felony convictions; (2) he was a hard working student; (3) he willingly participated in therapy in the past; (4) he expressed some remorse, with qualifications; (5) he himself was sexually abused when he was in his mid-teens; and (6) he was only twenty years old at sentencing. The following matters were considered in aggravation: (1) At the time of these offenses, Cragoe was on juvenile probation from the Second Circuit for sexual contact offenses; (2) he blamed the victims' mother for the rapes he perpetrated on the two little girls; (3) during the time he raped the girls, he threatened to physically harm one of them if she told; (4) he has sexually molested or raped seven different little girls in the past five years; (5) according to the court appointed expert, Richard Leir, defendant is a pedophile whose prognosis for rehabilitation is poor to guarded at best; (6) the frequency and severity of Cragoe's sexual assaults on little girls has increased or worsened, to wit: he has moved from fondling to penile penetration; (7) Cragoe has an unrealistic view of his problem and the ease with which he believes he can solve it; (8) he fails to take full responsibility for his offenses; and (9) according to the mental health therapist who examined the girls, they have been seriously traumatized, especially the younger one, and they will require periodic therapy for much of their lives.

## ISSUE

DOES THE IMPOSITION OF TWO CONCURRENT 99 YEAR SENTENCES WITH 34 YEARS SUSPENDED ON EACH VIOLATE THE EIGHTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE VI § 23 OF THE SOUTH DAKOTA CONSTITUTION?

Cragoe contends that his sentences are disproportionate to what he did, more severe than those allowable in neighboring states, and not appropriate for a twenty-one year old man who does not have deeply ingrained attitudes and behaviors. We disagree.

The analysis for reviewing sentences is well known to this Court. "On appeal, we first determine whether the sentence 'shocks the conscience' or is so disproportionate to the crime that it activates the Eighth Amendment 'within and without jurisdiction' proportionality tests...." *State v. Lykken,* 484 N.W.2d 869, 879 (S.D.1992); *State v. Basker,* 468 N.W.2d 413, 418 (S.D.1991). We have set out a two-part test to determine whether a sentence is so constitutionally offensive as to shock the conscience: "First, is the punishment so excessive or so cruel 'as to meet the disapproval and condemnation of the conscience and reason of men generally[,]' [a]nd second, whether the punishment is so excessive or so cruel as to shock the collective conscience of this court." *State v. Shilvock–Havird,* 472 N.W.2d 773, 779 (S.D. 1991), Henderson, J., concurring in part, specially concurring in part; Sabers, J., specially concurring in part, Amundson, J., dissenting on other grounds.

Cragoe began molesting children at the age of fifteen. He was twenty at the time of sentencing. Fully one-fourth of his young life has been spent sexually abusing children under the age of ten. He received in and outpatient treatment, but the amount of abusive behavior escalated along with his willingness to justify the behavior and blame others for it. His victims have been severely traumatized.

Based upon the gravity of these offenses, the lack of remorse and a history of pedophilia, we cannot say that these sentences shock the conscience or are so disproportionate to the crime that they activate the Eighth Amendment "within and without jurisdiction" proportionality tests.

Affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS, and AMUNDSON, JJ., participating.