**STATE of South Dakota, Plaintiff and Appellee,**

v.

**Rochelle K. JANIS a/k/a, Rochelle Little Spotted Horse, Defendant and Appellant.**

No. 18825.

Supreme Court of South Dakota.

Considered on Briefs Feb. 15, 1995.

Decided March 29, 1995.

---

Mark Barnett, Atty. Gen., Scott Bogue, Asst. Atty. Gen., Pierre, for plaintiff and appellee.

Edward G. Albright, Pennington County Public Defender's Office, Rapid City, for defendant and appellant.

PER CURIAM.

Rochelle K. Janis (Janis) appeals a trial court order revoking her suspended imposi-tion of sentence, the sentence imposed after revocation and the denial of her motion to withdraw her admission to a probation viola-tion. We affirm.

## FACTS

In November 1993, state filed an informa-tion charging Janis with two counts of second degree burglary. Janis was arraigned on the charges on November 1, 1993 and pled guilty to the first count of the information in ex-change for state's dismissal of the second count. Sentencing was conducted on Decem-ber 6, 1993. The trial court suspended the imposition of sentence and placed Janis on probation for a term of five years under certain terms and conditions. Those terms and conditions included the following provi-sions:

2. That [Janis] agree to and comply with all of the rules and regulations of the South Dakota Court Services Department and that she obey all directions and orders of any probation officer or officers under whose supervision she may be placed dur-ing any portion of this period of probation;

\* \* \* \* · \* \*

8. That [Janis] attend and satisfactorily complete the Project Acorn alcoholism treatment program, and continue with such program or any other alcohol/drug program that may be prescribed or ap-proved by her Court Services Officer[.]

On January 10, 1994, Janis's Court Ser-vices Officer filed a petition to revoke Janis's probation. The petition alleged that Janis had violated the terms of her probation by failing to report to her Court Services Officer and by failing to keep appointments with Project Acorn. A probation revocation hear-ing was conducted and Janis admitted her probation violation. The trial court subse-quently entered an amended order suspend-ing the imposition of Janis's sentence on various terms and conditions including a con-dition that she, "attend and successfully com-plete the inpatient alcoholism treatment pro-gram at the Northern Plains Treatment Cen-ter[.]"

On March 15, 1994, Janis's Court Services Officer filed another petition for revocation of

Janis's probation. The petition alleged that Janis had violated the terms and conditions of her probation by leaving, "the Northern Plains Treatment Center without completing the program[.]" Janis admitted the probation violation during a hearing on May 31, 1994. Sentencing was conducted on June 6, 1994. The trial court revoked Janis's suspended imposition of sentence and probation, entered a judgment of guilt for second degree burglary and sentenced Janis to serve five years in the State Penitentiary.

On June 17, 1994, Janis moved to withdraw her admission to her probation violation on the basis that she was not competent to enter the plea. A hearing on the motion was held on June 20, 1994 and Janis's motion was denied. A written order denying Janis's motion to withdraw was entered on June 22, 1994. Janis appeals.

## ISSUE 1

DOES JANIS'S FIVE YEAR PENITENTIARY SENTENCE CONSTITUTE CRUEL AND UNUSUAL PUNISHMENT IN VIOLATION OF THE EIGHTH AMENDMENT TO THE CONSTITUTION OF THE UNITED STATES?

The standard of review for sentencing challenges is well established:

> "On appeal, we first determine whether the sentence 'shocks the conscience' or is so disproportionate to the crime that it activates the Eighth Amendment 'within and without [the] jurisdiction' proportionality tests." *Bult v. Leapley*, 507 N.W.2d 325, 327 (S.D.1993); *State v. Gehrke* (Gehrke II), 491 N.W.2d 421, 423 (S.D. 1992); *State v. Lykken*, 484 N.W.2d 869, 879 (S.D.1992); *State v. Basker*, 468 N.W.2d 413, 418 (S.D.1991). It is settled law in this state that absent a sentence which is so excessive in duration that it shocks the conscience of the court, *a sentence that is within statutory limits is not reviewable on appeal. Bult*, 507 N.W.2d at 327; *Gehrke II*, 491 N.W.2d at 423; *Lykken*, 484 N.W.2d at 879; *State v. Holloway*, 482 N.W.2d 306, 311 (S.D.1992); *State v. Janssen*, 371 N.W.2d 353, 356 (S.D.1985) (citing cases). This court has developed a two-fold test to determine

whether the sentence is so constitutionally offensive as to shock the conscience:

> First, is the punishment so excessive or so cruel, 'as to meet the disapproval and condemnation of the conscience and reason of men generally.' And second, whether the punishment is so excessive or so cruel as to shock the collective conscience of this court.

*Bult*, 507 N.W.2d at 327; *State v. Shilvock-Havird*, 472 N.W.2d 773, 779 (S.D. 1991); *State v. Reed*, 451 N.W.2d 409, 411 (S.D.1990); *State v. Phipps*, 318 N.W.2d 128, 132 (S.D.1982).

*State v. Kaiser*, 526 N.W.2d 722, 726 (S.D. 1995) (emphasis added).

█ It was Janis's admission to the theft of a cassette player from the residence of a disabled veteran that led to her conviction and sentence for second degree burglary under SDCL 22–32–3. SDCL 22–32–3 provides:

> Any person who enters an occupied structure with intent to commit any crime other than the act of shoplifting or retail theft as described in chapter 22–30A constituting a misdemeanor, or remains in an occupied structure after forming the intent to commit any crime other than shoplifting as described in chapter 22–30A constituting a misdemeanor under circumstances not amounting to first degree burglary, is guilty of second degree burglary. Second degree burglary *is a Class 3 felony.* (emphasis added).

The authorized punishment for a Class 3 felony offense is up to fifteen years imprisonment in the state penitentiary and/or a fine of up to fifteen thousand dollars. SDCL 22–6–1(5). Thus, out of a possible fifteen years in the penitentiary, Janis received a sentence of five years, which is well within the statutory limits. In view of Janis's intentional violation of the residence of a disabled person for no reason other than the theft of personal property for her own personal gratification, we do not find this to be a sentence that is shocking to the conscience. This sentence is within statutory parameters and not shocking so that further review is unnecessary. *Kaiser, supra.*

■ We also reject Janis's claim that the trial court failed to fashion a sentence that comports with her rehabilitative needs. On not just one, but, two separate occasions, the trial court suspended the imposition of Janis's sentence with directives that she obtain alcoholism treatment through programs made readily available to her. The Court Services Officer "went the extra mile" to make arrangements for Janis's participation in a new treatment program available in the community. After both suspended sentences, Janis, for no excusable reason, simply failed to attend the counseling sessions required for her treatment. Thus, despite every effort by the trial court to fashion a sentence that would lead Janis down the path of rehabilitation, rehabilitation proved fruitless for no reason other than Janis's lackadaisical attitude. In short, Janis was given two chances to rehabilitate herself, but, walked away each time. To say the trial court did not consider rehabilitation in this case rings hollow. The trial court's revocation of Janis's suspended imposition of sentence and its five year penitentiary sentence are affirmed.

## ISSUE 2

DID THE TRIAL COURT ERR IN DENYING JANIS'S MOTION TO WITHDRAW HER ADMISSION TO VIOLATING THE TERMS OF HER PROBATION?

Janis contends that the trial court erred under SDCL 23A–27–11 by denying her motion to withdraw her admission to her probation violation. SDCL 23A–27–11 provides:

A motion to withdraw a plea of guilty or nolo contendere may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice a court after sentence may set aside a judgment of conviction and permit the defendant to withdraw his plea.

■ In response to Janis's contentions, state persuasively argues that an admission to a probation violation is *not* tantamount to a guilty plea and, therefore, SDCL 23A–27–11 is inapplicable to Janis's attempts to withdraw her admission. As this court has previously recognized, "a probation revocation proceeding is *not* a criminal prosecution."

*State v. Reif*, 490 N.W.2d 511, 514 (S.D.1992) (emphasis added). Thus, the full panoply of rights due a defendant in a criminal prosecution are not applicable to parole revocation or probation revocation proceedings. *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972); *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973). This includes many of those rights applicable to guilty plea proceedings. *See, U.S. v. Rapert*, 813 F.2d 182 (8th Cir.1987) (requirements of Federal Rule of Criminal Procedure 11 concerning acceptance of guilty pleas are not applicable in a probation revocation hearing). In this case, Janis had already pled to the underlying charge after having been canvassed on all of her rights and the criminal prosecution was finished. As the Eighth Circuit reasoned in *Rapert*, 813 F.2d at 185:

[A]dmitting to probation violations at a revocation hearing is not the equivalent of pleading guilty to a crime. The admissions are 'not made in the course of a criminal trial and do not give rise to a different statutory offense or to an increase in punishment on the underlying conviction.'

... [T]he theoretical justifications for the due process safeguards assured in *Boykin v. Alabama* [395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274] do not manifest themselves at the probation revocation hearing. The probationer has at best no right to a jury trial, an attenuated confrontation right, and a limited self-incrimination privilege[.] (citations omitted).

■ Other than the purported similarity between guilty plea proceedings and probation revocation hearings, Janis cites no authority to establish that the right to withdraw a guilty plea under SDCL 23A–27–11 includes the right to withdraw an admission to a probation violation. Given the clear distinctions between guilty plea proceedings and probation revocation hearings, we conclude that SDCL 23A–27–11 does not provide for a right to withdraw an admission to a probation violation. Janis's argument in this regard is rejected.

We have also considered the balance of the arguments raised in Janis's brief and find them equally without merit.

Affirmed.

MILLER, C.J., and SABERS, AMUNDSON and KONENKAMP, JJ., participating.